UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSVALDO CORREA-MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> NORTHERN STATE PRISON, et al., <br><br> Defendants. | Civ. Action No. 21-8580 (JXN) (AME) <br><br> **OPINION** |

**NEALS**, District Judge

Plaintiff is a convicted and sentenced state prisoner at Northern State Prison in Newark, New Jersey. He is proceeding *pro se* with a civil rights complaint alleging claims under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A to determine whether the Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons below, the Court will dismiss the Complaint in its entirety.

**I.    BACKGROUND**

The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion. From what the Court gathers, this case arises from Plaintiff's attempted suicide at Northern State Prison. Plaintiff names Northern State Prison, 3rd Shift Correctional Officer "John Doe," 2nd Shift Correctional Officer Toribio, Dr. Perera, Drs. "Jane and John Doe," Sgt. McCarter, Ms. Russell, and Rutgers Health Care as defendants.

Plaintiff provides the following factual basis for his claims:

> N.S.P. – Be it was what the incident [illegible]. 3rd Shif[t] C.O. fail to call a Code 53 and 66 [illegible] when my "bunky" told him I was unrespons[ive], he also fail to call a Code 53 and 66. C.O. Toribio was the one who call a Code 53 and 66. Dr. Perera fail to protect me not to suicide. Dr. Jane Doe – she's the boss front M.H. in S.U. and she fail to protect me. Dr. John Doe – Indian [psych] Dr. He was the one who tell me tha[t] I [was] not [supposed] to [have] K.O.P. Sgt. McCarter did the investigation. Ms. Russell Front Court Line and [Rutgers] Health Care is the insurance company for medical and mental health.

(ECF No. 1, at 5.) Plaintiff seeks $15,700,000 for "negligen[ce], medical malpractice [and] pain [and] suffering." (*Id.* at 6.)

## II.   LEGAL STANDARD

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

2

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Moreover, a court may dismiss a complaint for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain statement" requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain statement" requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93–94. However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93. The important consideration for the Court is whether "a *pro se* complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

3

### III. DISCUSSION

With the principles above in mind, the Court finds that the Complaint fails to state a claim for relief and fails to comply with Federal Rule of Civil Procedure 8. Moreover, even if it did state a claim and comply with Rule 8, Plaintiff's claims against Northern State Prison fail because this Defendant is not subject to liability under Section 1983. Finally, as explained below, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

#### A. Failure to State a Claim and Comply with Rule 8

As discussed above, Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even liberally construing the Complaint, Plaintiff fails to simply or directly allege what his claims are against each Defendant and fails to provide fair notice of the grounds on which he intends to rest his claims.

In fact, the Complaint contains nearly no factual allegations regarding the incident that gave rise to this action. (*See* ECF No. 1, at 5.) The Court gleans that Plaintiff believes Defendants wronged him in some way in connection with an attempted suicide, but he offers little details about what transpired. (*Id.*)

As a result, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Accordingly, the Court will dismiss without prejudice Plaintiff's Section 1983 claims for failure to state a claim upon which this Court may grant relief and for failure to comply with Rule 8.

### B. Persons Amenable to Suit Under Section 1983

Even if the Complaint satisfied Rule 8 and stated a claim for relief, Plaintiff's Section 1983 claims against Northern State Prison would fail still. As explained below, the Court will dismiss these claims with prejudice because Northern State Prison is not a "person" subject to liability under Section 1983.

Section 1983 imposes liability on "[e]very *person* who, under color of [State law] . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). To be liable under Section 1983, therefore, a defendant must be a "person." *See id.* It is well-established that state prisons are not "persons" subject to liability under Section 1983. *See Williams v. SCO*, No. 15-5609, 2015 WL 5110913, at *2 (D.N.J. Aug. 31, 2015) ("Northern State Prison is not a 'person' for purposes of § 1983 litigation.").

Here, Plaintiff's Section 1983 claims against Northern State Prison fails because it is not a "person" subject to liability under Section 1983. *See id.* The Court, therefore, will dismiss these claims against Northern State Prison with prejudice.[1]

### C. State Law Claims

The Court construes the Complaint as asserting state law claims for negligence and medical malpractice. (*See* ECF No. 1, at 6.) However, as this Court has already dismissed all claims for which it has original jurisdiction, this Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

---

[1] The dismissal is with prejudice because any attempt to amend the Complaint against the State of New Jersey would be futile. *See Edwards v. Lindenwold Police Department*, No. 21-13076, 2021 WL 3115809, at *4 (D.N.J. July 22, 2021).

The potential basis for this Court's jurisdiction over Plaintiff's state law claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998).

Where a district court has original jurisdiction over federal claims and supplemental jurisdiction over state claims, the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Where courts dismiss federal claims at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, the Court has already dismissed all of Plaintiff's claims for which it has supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IV.  CONCLUSION**

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's Section 1983 claims against Northern State Prison. The Court will also dismiss without prejudice Plaintiff's Section 1983 claims against the remaining Defendants. With respect to the latter claims, Plaintiff may file an amended complaint if he believes he can allege facts curing the above deficiencies and entitling him to relief. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. An appropriate Order follows.

10/7/2021

JULIEN XAVIER NEALS
United States District Judge